UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HAYTHAM MAHMOUD,

      Plaintiff,

v.                                                                Case No:   2:13-cv-63-FtM-38DNF

COLLIER COUNTY SHERIFF
KEVIN RAMBOSK, COLLIER
COUNTY AGRICULTURAL FAIR
AND EXPOSITION, INC., COLLIER
COUNTY and GAINES MYERS,

      Defendants.

_____/

## ORDER[1]

This matter comes before the Court on Plaintiff's Notices of Voluntary Dismissal (Doc. #45, Doc. #46) filed on February 3, 2014. Federal Rule of Civil Procedure 41(a)(1)(A), allows a plaintiff to dismiss a case without a court order.  The Rule reads in pertinent part:

> Subject to Rules 23(e), 23.1, 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i)     A notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii)    A stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

In this instance, Plaintiff seeks to voluntarily dismiss Count V against Defendant Collier County Sheriff Kevin Rambosk and Counts XII, XIII, and XIV against Defendant Collier County. These said defendants, however, have filed answers to Plaintiff's Complaint. (Doc. #14; Doc. #11). In addition, the notices of voluntary dismissal are not signed by all parties who have appeared in this matter. Therefore, these counts have not been dismissed. As an aside, voluntary dismissals are used to dismiss an entire action, rather than a single count, against a party.[2] Another legal avenue such as filing leave to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and M.D. Fla. Local Rule 4.01 is more appropriate in a situation such as this. See e.g., Salav v. Boyland Auto Orlando, LLC, No. 6:07-cv-1892-Orl-19GJK, 2008 WL 254127 at *2 (M.D. Fla. Jan. 29, 2008) ("when a party seeks to dismiss one claim of a multi-claim action, the party should file a motion to amend the complaint under Rule 15(a)") (citing Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004); Exxon Corp. v. Md. Cas. Co., 599 F.2d 659, 662, 662 n. 10 (5th Cir. 1979)).

Accordingly it is hereby **ORDERED:**

Plaintiff's Notices of Voluntary Dismissal (Doc. #45, Doc. #46) filed on February 3, 2014 is **DENIED** without prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of February, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] Upon review of the Complaint, the Court notes that at least two counts were brought against Sheriff Kevin Rambosk, Counts VIII and IX. (Doc. #1).