UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HAYTHAM MAHMOUD,

    Plaintiff,

v.                                                     Case No: 2:13-cv-63-FtM-38DNF

COLLIER COUNTY SHERIFF KEVIN
RAMBOSK, COLLIER COUNTY
AGRICULTURAL FAIR AND
EXPOSITION, INC., COLLIER
COUNTY and GAINES MYERS,

    Defendants.
_____/

## ORDER[1]

    This matter comes before the Court on Notice of Voluntary Dismissal as to Counts V, XII, XIII and XIV (Doc. #58) filed on February 27, 2014. In this instance, Plaintiff seeks to voluntarily dismiss Count V against Defendant Collier County Sheriff Kevin Rambosk and Counts XII, XIII, and XIV against Defendant Collier County. This notice is signed by all parties in the action. Nonetheless, as the Court has already discussed, voluntary dismissals are used to dismiss an entire action, rather than a single count, against a party.[2] (See Doc. #49). Another legal avenue such as filing leave to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and M.D. Fla. Local Rule

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] Upon review of the Complaint, the Court notes that at least two counts were brought against Sheriff Kevin Rambosk, Counts VIII and IX. (Doc. #1).

4.01 is more appropriate in a situation such as this. See e.g., Salav v. Boyland Auto Orlando, LLC, No. 6:07-cv-1892-Orl-19GJK, 2008 WL 254127 at *2 (M.D. Fla. Jan. 29, 2008) ("when a party seeks to dismiss one claim of a multi-claim action, the party should file a motion to amend the complaint under Rule 15(a)") (citing Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004); Exxon Corp. v. Md. Cas. Co., 599 F.2d 659, 662, 662 n. 10 (5th Cir. 1979)); Armington v. Dolgencorp, Inc., No. 3:07-cv-1130-J-JRK, 2009 WL 210723, at *2 (M.D. Fla. Jan. 20, 2009) (the court construed the motion for voluntary dismissal with regard to specific counts as a request for leave to amend the complaint). The Court has already issued an Order regarding this exact issue but the attorneys for Plaintiff have failed to heed the Court's previous Order, Federal Rules of Civil Procedure, and relevant case law by filing this redundant notice.

Accordingly, it is now

**ORDERED:**

The Notice of Voluntary Dismissal as to Counts V, XII, XIII and XIV (Doc. #58) is insufficient to dismiss individual counts in this matter.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of February, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record