UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HAYTHAM MAHMOUD,            Case No. 2:13-cv-63-FtM-99DNF

    Plaintiff,
v.

COLLIER COUNTY SHERIFF KEVIN RAMBOSK,
COLLIER COUNTY AGRICULTURAL FAIR AND
EXPOSITION, INC., COLLIER COUNTY,
and SGT. GAINES MYERS,

    Defendants.
_____/

**DEFENDANT MYERS' MOTION IN LIMINE**
**(AND MEMORANDUM OF LAW)**

    The Defendant, SGT. GAINES MYERS, through his undersigned attorneys, pursuant to the applicable Federal Rules of Evidence, files this his Motion in Limine (and Memorandum of Law), and as grounds therefore would state as follows:

    This case is set for trial on the Court's docket which begins Monday, August 4, 2014. This matter concerns claims brought pursuant to Title 42 U.S.C. §1983 as well as state law concerning an incident that occurred at the Collier County fair on February 8, 2009 which ultimately culminated in the arrest of Plaintiff Haytham Mahmoud by Collier County Sheriff's deputies. Specifically, the Complaint includes claims of §1983 false arrest, excessive force, malicious prosecution and retaliation as well as state law claims of battery and false arrest. Plaintiff's official capacity section 1983 claims against the Defendant Sheriff have been dismissed. As a result the remaining claims are as follows as to the Defendant Sheriff and

Defendant Myers:

    Count I: 42 U.S.C. §1983 Fourth Amendment Violation against Defendant Myers for Wrongful Arrest;

    Count II: 42 U.S.C. §1983 Fourth Amendment Violation against Defendant Myers for Excessive Force;

    Count III: 42 U.S.C. §1983 Fourth Amendment Violation against Defendant Myers for Malicious Prosecution;

    Count IV: 42 U.S.C. §1983 First Amendment Violation for Retaliation against Defendant Myers;

    Count VIII: State Law Claim of Battery against Defendant Sheriff Rambosk; and

    Count IX: State Law Claim of False Arrest against Defendant Sheriff Rambosk.

### **Prior and Subsequent Alleged Bad Acts of Defendant**

Given the remaining issues in this case as to the Defendant Myers as stated above, Plaintiff should not be permitted to question any witness, including the Defendant Myers, regarding any prior or subsequent allegation of wrongdoing as to this Defendant or to attempt to introduce any evidence of alleged wrongful or inappropriate behavior by the Defendant Myers in other instances which may have been relevant to a custom, policy claim which has been dismissed from the present case. Such questioning would be irrelevant to the remaining claims before the Court. Clearly, the introduction of such evidence in this case would improperly seek to suggest to the jury that the Defendant Myers acted wrongfully in his dealings with the Plaintiff Mahmoud on the subject date.

Rule 402 of the Federal Rules of Evidence states, in pertinent part, as follows:

>[r]elevant evidence is admissible, unless any of the following provides otherwise:
>
>- the United States Constitution
>- a federal statute;
>- these rules; or
>- other rules prescribed by the Supreme Court.

Irrelevant evidence is not admissible.

Rule 403 of the Federal Rules of Evidence states, in pertinent part, as follows:

>[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The introduction of evidence that other persons not involved in this litigation may have accused the Defendant Myers of using excessive force or other acts of police misconduct is highly prejudicial and irrelevant to the Plaintiff's claims against the Defendant Myers here. Defendant Myers is being sued in his individual capacity and is entitled to a fair trial on these claims. Therefore, this Court should exclude all reference to any such prior or subsequent alleged bad acts during the trial of this matter.

## Violations of Internal Policies Are Not Properly Admissible

It is anticipated that Plaintiff may attempt to submit evidence or otherwise comment or argue to the jury that certain policies or procedures of the Collier County Sheriff's Office were not followed by the Defendant Myers during or following his contact with the Plaintiff. However, a violation of an internal policy, even if true, does not equate to a constitutional violation. See Buzzi v. Gomez, 24 F.Supp.2d 1352 (S.D.Fla. 1998). As a result, presentation of any evidence regarding same in the instant matter would be irrelevant, would very likely confuse the jury in this case and any probative value would be substantially outweighed by the danger of unfair

prejudice to the Defendant Myers.

The motion should be granted.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was sent via U.S. Mail and email to the following: **RAY TASEFF, ESQUIRE**, counsel for Plaintiff, 225 Alcazar Ave., 2nd Floor, Coral Gables, FL 33134 and **SEAN M. CONAHAN, ESQ.,** counsel for Defendants Collier County Agricultural Fair and Exposition, Inc. and Collier County, Fulmer, LeRoy, Albee, Baumann, PLC, 605 South Boulevard, Tampa, FL 33606 this **26th** day of June, 2014.

        s/ Summer M. Barranco
SUMMER M. BARRANCO, ESQUIRE - Trial Counsel
Florida Bar No. 984663
PURDY, JOLLY, GIUFFREDA, & BARRANCO, P.A.
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861
Attorneys for Defendants Sheriff and Myers