**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**CASE NUMBER: 2:13 - cv - 0063 - FtM - 99 DNF**

**HAYTHAM MAHMOUD,**

        **Plaintiff,**

v.

**COLLIER COUNTY SHERIFF KEVIN RAMBOSK, COLLIER COUNTY AGRICULTURAL FAIR AND EXPOSITION, INC., and SGT. GAINES MYERS,**

        **Defendants.**

_____

**PLAINTIFF  MAHMOUD'S EXPEDITED  MOTION TO STRIKE
OR  EXCLUDE ANY DOCUMENT NOT DISCLOSED DURING
DISCOVERY PERIOD AND REQUEST FOR SANCTIONS**

In accordance with *Fed.R.Civ.P.* **26(a)**, *Fed.R.Civ.P.* **26(e)**, *Fed.R.Civ.P.* **37(c)(1)**, and *M.D.Fla. Local R.* **3.01**, Plaintiff Haytham Mahmoud files this Expedited Motion to Strike or Exclude Any Documents Not Disclosed During the Discovery Period by Defendants, and Request for Sanctions.  In support of the instant application the Plaintiff relies on the procedural history, factual background, and incorporated memorandum of law set forth below.

**REQUEST FOR EXPEDITED BRIEFING AND DISPOSITION**

1.      The Plaintiff files this motion after receiving notice on July 3, 2014, from the defense attorneys at the Court Ordered Pre-Trial Statement conference of the existence of

purportedly relevant documents never before disclosed to the Plaintiff or his attorneys and which the defendants intend to use at trial, as listed by the defendants as exhibits to their Exhibit List attached to the Joint Final Pre-Trial Statement.[1]  Since the discovery period in this case expired on January 22, 2014, this notice was received over (5) months after the conclusion of discovery. The late notice was received after the deadline for the filing of motions *in limine* by the parties, June 26, 2014,[2] and thus Plaintiff was unable to file the appropriate motion *in limine* to seek to bar the use of records which Plaintiff claims are irrelevant to the present case.[3]

       2.      Due to the upcoming Pretrial Conference (July 21, 2014) and Trial Date (August 4), the Plaintiff asserts that without an expedited briefing schedule he will not know sufficiently in advance of the trial whether he must prepare for the use of the documents identified last week. The Plaintiff requests that the defendants be required to file an written opposition to this motion no later than five (5) business days from the filing date of this motion.  Additionally, the Plaintiff would ask the Court to rule on this application at least one calendar week prior to the commencement of the Trial Term, again, to allow the Plaintiff sufficient time to prepare for trial if the use of these documents is to be allowed.

---

[1] The documents listed by the defendants which were disclosed on the day of the meeting for the pre-trial statement are the work history, employment, and personnel records of the Plaintiff from Hodges University where he was employed as an associate professor in engineering and computer science ("Hodges records").  The records total 262 pages and include the whole gamut of Plaintiff's professional work life at Hodges including grievance and disciplinary records.

[2] *See* Amended Case Management and Scheduling Order, Doc. 24 , entered April 24, 2013.

[3] Plaintiff objects to the records, particularly those documents related to grievance and disciplinary matters, on the grounds that they are irrelevant and constitute hearsay.

## PROCEDURAL HISTORY

3. The instant action was commenced with the filing of the Complaint (Doc. #1) on January 20, 2013.

4. Answers to the Complaint were filed by the Defendants in February and March, 2013 (Docs. ## 11, 14 and 15).

5. There have been four (4) Case Management and Scheduling Orders entered by the Court (Docs. ## 23, 24, 26 and 31). Pursuant to the most recent scheduling order, the trial in this action is scheduled to commence during the trial term commencing on August 4, 2014 (Doc. # 31).

6. In accordance with the second scheduling order, the discovery period in the instant case was scheduled to expire on December 20, 2013 (Doc. # 24, entered April 24, 2013). In November, 2013, the parties filed a joint motion (Doc. # 32) to extend the discovery period for a month. On December 4, 2013, Magistrate Judge Frazier entered an order extending the discovery period until January 22, 2014 (Doc. # 33).

7. By an Order entered June 24, 2014 (Doc. # 70), the court extended the time to file the Joint Final Pre-Trial Statement to July 7, 2014. On July 7, 2014, the Joint Final Pre-trial Statement (Doc. # 75) with attached Witness Lists and Exhibit Lists was filed jointly by the parties.

## FACTUAL BACKGROUND

8. As noted above, the discovery period in the instant litigation expired on January 22, 2014. During discovery, the Plaintiffs served upon the defendants Interrogatories, Requests for Production of Documents, and Requests for Admission. Additionally, the defendants had the

obligation at the start of the case to provide Initial Disclosures pursuant to *Fed.R.Civ.P.* 26.

9. The Defendants produced documents along with their Initial Disclosures.

10. On July 3, 2014, pursuant to the Court's Scheduling and Case Management Order, the attorneys for the parties met in person to confer and jointly prepare the Pre-Trial Statement. During the exchange of witness and exhibit lists at that conference on July 3, the defendants informed Plaintiff's counsel that they intended to present at trial the Plaintiff's work records from Hodges University. The defendants handed Plaintiff's counsel copies of their respective exhibit lists which included the Hodges records to be attached and filed with the parties' Joint Final Pre-Trial Statement. Plaintiff's counsel told defense counsel that he had never received either copies of the records or notice that the defendants even had the records in their possession, as the records had never been disclosed on any supplemental disclosure. Both opposing counsel for the defendants had a copy of the records at the pre-trial statement meeting. Plaintiff requested a copy of the documents and because they were so voluminous – 262 pages – the parties agreed that the documents would be sent to Plaintiff electronically after the meeting. Plaintiff's counsel did not receive a copy of the documents until four days later, on the evening of July 7 while Plaintiff's counsel was coordinating with the defense to file the Joint Final Pre-Trial Statement which was due that night.

11. The Hodges employment records, are identified as Exhibit 13 on the Exhibit List of Defendants Sheriff Rambosk and Deputy Sheriff Myers (Doc. # 75-4) and as Exhibit 13 on the Exhibit List of Defendant Collier County Fair (Doc. # 75-6), attached to the Joint Final Pre-Trial Statement which was submitted on July 7, 2014.

12. On July 11, upon review of the records, Plaintiff's counsel contacted defense attorneys Barranco and Conahan to confer and inquire as to their position regarding Plaintiff's

proposed motion to exclude the Hodges employment records. The defense attorneys indicated that they would <u>oppose</u> the instant motion. *See* Declaration of Ray Taseff, dated July 14, 2014, annexed hereto as "Exhibit A."

## **LEGAL ARGUMENT**

### **POINT 1 - THE DEFENDANTS' UNTIMELY DISCLOSURE OF DOCUMENTS IS A CLEAR VIOLATION OF FEDERAL RULE 26**

In an effort to streamline and expedite the resolution of litigation, the Federal Rules of Civil Procedure mandate that parties reveal the existence of relevant documents and persons with discoverable information at the commencement of litigation. *See* **Fed.R.Civ.P. 26 (a)**. Further, the Rules place an affirmative obligation on all parties to supplement their discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response in incomplete or incorrect." **Fed.R.Civ.P. 26 (e)(1)(A)**; *see* **Cooley v. Great Southern Wood Preserving**, 138 Fed.Appx. 149, 161 (11th Cir. 2005). It is within this framework that Plaintiff Mahmoud seeks relief from this Court for the untimely disclosure of numerous documents that has prejudiced the Plaintiff in his preparation for the upcoming trial.

Discovery in the instant case closed on January 22, 2014,[4] yet the defendants did not provide notice of the documents until July 3 and did not actually provide the documents to Plaintiff until the filing of the Joint Final Pre-Trial Statement on July 7. This notice and production occurred in the context of trial beginning August 4.[5] As Magistrate Judge Mirando noted recently in resolving a discovery dispute, "[t]he Middle District of Florida Discovery

---

[4] See ¶ 6, *supra*.

[5] See Amended Case Management and Scheduling Order, referenced in ¶ 5, *supra*.

Handbook also explains that, while Rule 26 (e) 'expressly provides that in many instances a party is under a duty to supplement or correct prior disclosures ... [f]airness and professionalism suggest a broader range of circumstances requiring supplementation.'" *Johnson v. R.J.Reynolds Tobacco Co.*, 2014 WL 1930392, *2 (M.D.Fla. 2014). [6] Plaintiff Mahmoud asserts that disclosure in this case was mandatory regardless whether one takes a broad *or* narrow view of *Fed.R.Civ.P.* **26 (e).**

The untimely disclosure in the instant case is reminiscent of the litigation pattern reflected in the Eleventh Circuit's *Cooley* decision, where the court noted that the nondisclosing party "neither listed the affiants of the contested affidavits in their initial disclosures nor attempted to supplement their disclosures with this information under Rule 26 (e)." *Cooley*, 138 Fed.Appx. at 161. The *Cooley* court upheld the trial court's decision to grant the motion to strike evidence. *Id***.** Plaintiff Mahmoud asserts that this tribunal should similarly find that the defendants' untimely disclosure violates both the letter and spirit of Rule 26 and exclude the defendants at trial from using the Hodges employment records.

## POINT 2 - SANCTIONS SHOULD BE IMPOSED FOR THE DEFENDANTS' VIOLATIONS OF THE RULES GOVERNING DISCOVERY

As a result of the time and energy required to respond to the defendants' untimely disclosure and in view of the prejudice[7] to the Plaintiff's trial preparation, the Plaintiff seeks the imposition of the following sanctions.

---

[6]  *Middle District Discovery Handbook* (2001), at p.2.

[7]  The concept of "prejudice" within the zone of discovery sanctions most certainly includes the disruption of a party's trial preparation through the last-minute identification of previously undisclosed witnesses and documents. *See* **Bank Atlantic v. Blythe Eastman**, 127 F.R.D. 224, 233 (S.D.Fla. 1989) *aff'd* 12 F.3d 1045 (11th Cir. 1994).

The first sanction sought by the Plaintiff is <u>exclusion of the subject documents</u> from use or reference at the impending trial in this action. **Fed.R.Civ.P. 37( c)(1)** specifically states that "[i]f a party fails to provide information . . . as required by Rule 26 (a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." *See* **Mitchell v. Ford Motor Co.**, 318 Fed.Appx. 821, 824 (11th Cir. 2009). In a recent case where a defendant attempted to supplement its discovery responses six (6) months after the formal close of discovery, a district court in Georgia ruled that as to the offending materials, "those documents should be excluded at trial." **York v. Wells Fargo Bank, N.A.**, 2012 WL 3308988, *2 (N.D.Ga. 2012).

Further, the Eleventh Circuit has opined that "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." **Mitchell**, 318 Fed.Appx. at 824.[8] The prejudice to Plaintiff Mahmoud in the instant matter is clear, since the discovery period has concluded and the Plaintiff is now unable to contact previously-unidentified witnesses, subpoena additional documents, or take other appropriate steps with regard to the newly-disclosed information. As noted above, the burden is on the three defendants in this action to show how this tactic of last-minute disclosure was somehow "justified."

The second sanction sought by the Plaintiff is the <u>assessment of attorneys' fees</u>. The Federal Rules of Civil Procedure specifically authorize the assessment against a party that fails to fulfill its affirmative obligation to supplement discovery of "reasonable expenses, including attorney's fees, caused by the failure." **Fed.R.Civ.P. 37(c)(1)(A)**. *See also* **Societe**

---

[8] *See also* **Johnson v. R.J. Reynolds Tobacco Co.**, 2014 WL 1930392, * 2 (M.D.Fla. 2014).

*Internationale v. Rogers*, 357 U.S. 197, 207-08 (1958); *U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933-34 (2009). Accordingly, the imposition of attorneys' fees and expenses through the operation of *Fed.R.Civ.P.* **37** for the failure to timely supplement discovery responses pursuant to *Fed.R.Civ.P.* **26 (e)** is well-recognized. *See Scipione v. Advance Stores Co.*, 294 F.R.D. 659, 667-68 (M.D.Fla. 2013)[9]; *Action Marine v. Continental Carbon*, 243 F.R.D. 670 (M.D.Ala. 2007).[10]

Given the fact that the defendants in the instant action identified and produced documents which they deemed relevant over five (5) months after the close of discovery and just a few weeks before trial, Plaintiff Mahmoud asserts that the defendants have failed to meet their affirmative obligations to supplement discovery responses. Therefore, the assessment of a sanction requiring the defendants' payment of attorneys' fees pursuant to *Fed.R.Civ.P.* **37( c)(1)(A)** is justified.

## CONCLUSION

**WHEREFORE**, for the reasons delineated above, the Plaintiff requests that the Court grant this motion to strike or exclude any document not disclosed during the discovery period, specifically the Plaintiff's Hodges employment records as listed on the Defendants' Exhibit Lists, and further that the court impose appropriate sanctions for the defendants' acts and omissions.

---

[9] In *Scipione*, the court recognized that the failure of a party to supplement its' discovery responses under *Fed.R.Civ.P.* **26 (e)** justified the sanction of attorneys' fees. 294 F.R.D. at 667-68.

[10] The *Action Marine* court imposed a sanction for discovery violations that included over $120,000 in attorneys' fees and a further sanction of $26,000 for misuse of the court's time and personnel.

|  |  |
|---|---|
|  | **Dated: July 14, 2014** |
| /s/ Ray Taseff<br>Ray Taseff<br>Florida Bar No. 352500<br><br>Ray Taseff, P.A<br>2nd Floor<br>225 Alcazar Ave<br>Coral Gables, Fl 33134<br><br>Phone: 786-363-9020<br>Email: RayTaseffPA@gmail.com<br><br>*Counsel for the Plaintiff* | /s/ Robert W. Ross, Jr.<br>Robert W. Ross, Jr.<br>Florida Bar No. 921660<br>8891 Brighton Lane, Suite 103<br>Bonita Springs, FL 34135<br><br>Phone: 239-443-8447<br>Email: rob@rosslawfla.net<br><br>*Counsel for the Plaintiff* |

**CERTIFICATION   OF   RULE   3.01 (g)   CONFERENCE**

In accordance with *M.D.Fla. Local R.* **3.01 (g)**, the undersigned contacted the defense attorneys in this action, Sean Conahan, Esq., and Summer Barranco, Esq., on July 11, 2014, in a good faith effort to resolve the issues raised in this motion.   Having indicated to the defense attorneys the nature of this motion, and the relief sought herein, defense counsel both indicated to the undersigned that they **oppose** this motion.

DATED:  July 14, 2014                         By:       /s/ Ray Taseff

                                                                    RAY   TASEFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 14, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants on the attached service list.

/s/ Ray Taseff

9

## **SERVICE LIST**

Summer M. Barranco
Purdy, Jolly, Giuffreda & Barranco, PA
Suite 1216
2455 E Sunrise Blvd
Ft Lauderdale, FL 33304
954/462-3200 Ext 107
Fax: 954/462-3861
Email: summer@purdylaw.com

*Counsel for Defendants Sheriff & Myers*

Sean Michael Conahan
Fulmer LeRoy Albee Baumann, PLC
605 South Blvd
Tampa, FL 33606
813/739-7130
Fax: 813/739-7131
Email: sconahan@FulmerLeRoy.com
*Counsel for Defendants*

Scott B. Albee
Fulmer LeRoy Albee Baumann, PLC
605 South Blvd
Tampa, FL 33606
813/739-7130
Fax: 813/739-7131
Email: salbee@fulmerleroy.com
*Counsel for Defendant County Fair*

Ray Taseff
Ray Taseff, P.A
2nd Floor
225 Alcazar Ave
Coral Gables, Fl 33134
Email: RayTaseffPA@gmail.com

*Counsel for the Plaintiff*

Robert W. Ross, Jr.
8891 Brighton Lane, Suite 103
Bonita Springs, FL 34135
Email: rob@rosslawfla.net
*Counsel for the Plaintiff*