UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 2:13-CV-63-FtM-99DNF

HAYTHAM MAHMOUD,

    Plaintiff,

-vs-

COLLIER COUNTY SHERIFF KEVIN RAMBOSK, *et al.*,

    Defendants.

_____/

## DECLARATION OF RAY TASEFF

    I, Ray Taseff, submit the following declaration and declare under the penalty of perjury under the laws of the United States and the State of Florida that the following is true and correct:

1. I am counsel for the Plaintiff in the above styled case.

2. The discovery period in this case commenced approximately in the late spring of 2013 and lasted until it expired on January 22, 2014.

3. During discovery, Plaintiff served upon all defendants voluntary disclosures, Interrogatories, Requests for Production of Documents, and Requests for Admission, to which the Defendants responded.

4. On July 3, 2014, pursuant to the Court's Scheduling and Case Management Order, the attorneys for the parties met in person to confer and prepare the Joint Final Pre-Trial Statement.

5. During the meeting on July 3, the attorneys for the defendants informed me that they intended to present at trial the Plaintiff's work records from Hodges University.

6. The defendants handed me copies of exhibit lists which included the listing of the Hodges records on their respective exhibit lists to be attached and submitted with the parties' Joint Final Pre-Trial Statement.

7. I objected and told defense counsel that I had never received either copies of the records or notice that such records had been obtained, as the records had never been disclosed on any supplemental disclosure as required under Rule 26 of the Federal Rules of Civil Procedure.

8. Defense counsel for the County Fair told me that he received the records pursuant to a subpoena he had issued for the Plaintiff's employment records at Hodges University and that he had provided the records to defense counsel for the Sheriff and Myers.

9. Defense counsel for the Sheriff and Myers confirmed at the pre-trial statement meeting that she had received a copy of the records from counsel for the County Fair.

9. On January 10, 2014, twelve days before the expiration of discovery, defense counsel for the County Fair served Plaintiff a "Notice of Intent to Serve Subpoena Under Rule 1.351 for Production of Documents and Things Without Deposition" – a *state* civil procedural discovery mechanism – which listed Hodges University.

10. Subsequent to that notice and prior to the pre-trial statement meeting on July 3 – a period of over five (5) months – I never received notice from either defense counsel that Plaintiff's employment records from Hodges University had been obtained.

11. During that same period of time, I never received a subsequent disclosure from either defense counsel pursuant to Rule 26 that they were in possession of Plaintiff's employment

records from Hodges University.

12. Both defense attorneys had a copy of the records with them at the pre-trial statement meeting and presented the records for inspection as exhibits that they were listing on their respective exhibit lists.

13. I immediately requested a copy of the documents at the pre-trial statement meeting.

14. Because the records were so voluminous – 262 pages – the parties agreed that the documents would be sent to Plaintiff electronically after the meeting.

15. I did not receive a copy of the documents until four days later, on the evening of July 7, while I was coordinating with the defense to file the Joint Final Pre-Trial Statement which was due that night.

16. The documents, Plaintiff's employment records from Hodges University, are identified as Exhibit 13 on the Exhibit List of Defendants Sheriff Rambosk and Deputy Sheriff Myers (Doc. # 75-4) and as Exhibit 13 on the Exhibit List of Defendant Collier County Fair (Doc. # 75-6), both of which are attached to the Joint Final Pre-Trial Statement which was filed on July 7, 2014.

17. Upon completing a review of the records on July 11, I contacted defense attorneys Barranco and Conahan to confer as to their position regarding Plaintiff's proposed motion to exclude the Hodges employment records.

18. The defense attorneys indicated that they would oppose the instant motion.

19. I declare under the penalty of perjury under the laws of the United States and the

State of Florida that the above is true and correct.

Executed this 14th day of July, 2014.

/s/ Ray Taseff

RAY TASEFF
Counsel for Plaintiff