**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**HAYTHAM MAHMOUD,**

                                Case No.: 2:13-cv-63-FtM-38DNF

    **Plaintiff,**

**v.**

**COLLIER COUNTY SHERIFF**
**KEVIN RAMBOSK, COLLIER**
**COUNTY AGRICULTURAL FAIR**
**AND EXPOSITION, INC. AND**
**GAINES MYERS,**

    **Defendants.**

_____/

**DEFENDANT, COUNTY AGRICULTURAL FAIR AND EXPOSITION, INC.'S RESPONSE TO PLAINTIFF MAHMOUD'S EXPEDITED MOTION TO STRIKE OR EXCLUDE ANY DOCUMENT NOT DISCLOSED DURING DISCOVERY PERIOD AND REQUEST FOR SANCTIONS**

COMES NOW, the Defendant, COLLIER COUNTY AGRICULTURAL FAIR AND EXPOSITION, INC. (hereinafter "FAIR"), by and through its undersigned counsel, and in accordance with U.S. District Court, Middle District of Florida, Local Rule 3.01, and this Honorable Court's endorsed order executed July 15, 2014, which directed a response to Plaintiff's above-referenced motion, does hereby file this Response to Plaintiff Mahmoud's Expedited Motion to Strike or Exclude Any Document Not Disclosed During Discovery Period and Request for Sanctions, and in opposition of said Motion does hereby submit the following:

1. Plaintiff correctly sets forth the procedural history and factual background of the instant issue.

2. Defendant FAIR timely prepared and served a disclosure pursuant to Federal Rule of Civil Procedure 26.

3. Defendant FAIR also timely responded to all discovery propounded by the Plaintiff.

4. On or about January 10, 2014, prior to the discovery deadline in this matter, Defendant FAIR served a Notice of Intent to Serve Subpoenas Under Rule 1.351 for Production of Documents and Things Without Deposition.

5. Plaintiff correctly points out that this Notice was served under the State of Florida Rules of Civil Procedure rather than the Federal Rules of Civil Procedure. Regardless, the filing acted to provide notice to the Plaintiff of Defendant FAIR's intention to seek the Hodges University records related to the Plaintiff's employment. Further, the action was substantively the same as the Notice to the opposing party required by Federal Rule of Civil Procedure 45(a)(2).

6. After being served with the Notice of Intent, Plaintiff made no attempt, formal or informal, to obtain a copy of the records from our office. Nor did Plaintiff attempt to subpoena a copy of the records directly from Hodges University.

7. Federal Rule of Civil Procedure 26(e)(1) requires supplementation if ordered by the court, or "if a party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…." The records from Hodges University do not fall under either category, therefore supplementation was not required.

8. Further, the Hodges University records were properly and timely disclosed in Defendant FAIR's exhibit list.

9. Defendant FAIR believed that the Notice of Intent and the proper disclosure of the documents on its exhibit list gave sufficient notice to Plaintiff of the existence of the records and the potential use of same at trial. Plaintiff made no attempt to obtain the records on his own, request them from Defendant FAIR, send additional discovery, or seek the information contained in the records in any other way despite his notice.

10. Therefore it would be improper for this Honorable Court to strike the information, or fail to permit its use at trial, as Defendant FAIR was substantially justified in its failure to disclose. See Fed. R. Civ. P. 35(c)(1); see also <u>Moore v. Corporate Facilities Management, LLC</u>, 116 Fair Empl. Prac. Cas. 1028; 2012 U.S. Dist. LEXIS 132101 (S.D. Ala. 2012).

11. A failure to disclose is substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action. <u>Id.</u>

12. Should the court determine that Defendant FAIR was required to supplement its Rule 26 disclosure with the subpoenaed Hodges University records, Federal Rule of Civil Procedure 37(c)(1) does not permit the exclusion of this information if the failure is harmless. See Fed. R. Civ. P. 35(c)(1); see also <u>Id.</u>

13. Plaintiff has not alleged that he was harmed by this "late disclosure." In fact, he was on notice of Defendant FAIR's intent to subpoena the subject records prior to

the discovery cutoff and approximately seven (7) months prior to trial and was provided with the actual documents approximately one (1) month prior to trial. The Plaintiff is in no way prevented from objecting to these documents when they are introduced at trial.

14. As the sanction of exclusion is inappropriate due to Defendant FAIR's substantial justification for failing to disclose, and the harmlessness of the failure, additional sanctions of attorney's fees are likewise inappropriate.

15. Further, the case of Bailey v. Final Touch Acrylic Spray Decks, Inc., 2008 U.S. Dist. LEXIS 8055 (M.D. Fla. 2008), is instructive on this matter. In Bailey the Plaintiff moved to exclude the testimony of several witnesses at trial due to the Defendant's failure to supplement their Rule 26 disclosure with the name of one witness and the substance of the testimony of several other witnesses. However, the Plaintiff was aware of the substance of the potential testimony through the deposition testimony of the Defendant, and made no further efforts to obtain the contested information. The Court agreed that the failure was "harmless" and therefore sanctions of any kind would be inappropriate.

WHEREFORE, Defendant FAIR requests that Plaintiff Mahmoud's Expedited Motion to Strike or Exclude Any Document Not Disclosed During Discovery Period and Request for Sanctions be denied, and any other relief that this Honorable Court might deem just and necessary.

Respectfully submitted,

By:\_\_\_\_/S/\_\_Sean M. Conahan_____
SEAN M. CONAHAN, ESQ.
Florida Bar No. 468878

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this \_\_18\_\_ day of \_\_\_July\_\_\_, 2014, a true and correct copy of the above was electronically filed with the Clerk of the Court, Ft. Myers Division, 2110 First Street, Ft. Myers, FL 33901 by using CM/ECF, which will send an electronic notice of filing to Ray Taseff, Esq., Ray Taseff, P.A., 225 Alcazar Avenue, 2nd Floor, Coral Gables, FL 33134, (raytaseffpa@gmail.com), Robert W. Ross, Jr., Esq., 8891 Brighton Lane, Suite 103, Bonita Springs, FL 34135, (rob@rosslawfla.net), Summer M. Barranco, Esq., Purdy, Jolly, Guiffrda, & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304, (summer@purdylaw.com).

FULMER LEROY & ALBEE, PLLC
Attorneys for Defendants, *Collier County Agricultural Fair & Exposition, Inc. and Collier County*
605 South Boulevard
Tampa, FL 33606
Phone: (813) 739-7130
Fax:    (813) 739-7131

By:\_\_/S/\_Sean M. Conahan\_\_\_
SEAN M. CONAHAN, ESQ.
Florida Bar No. 468878
sconahan@fulmerleroy.com