UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HAYTHAM MAHMOUD,

    Plaintiff,

v.                                                 Case No: 2:13-cv-63-FtM-38DNF

COLLIER COUNTY SHERIFF KEVIN
RAMBOSK, COLLIER COUNTY
AGRICULTURAL FAIR AND
EXPOSITION, INC. and GAINES
MYERS,

    Defendants.
_____/

## ORDER[1]

    This matter comes before the Court on Plaintiff Mahmoud's Expedited Motion to Strike or Exclude Any Document Not Disclosed during Discovery Period and Request for Sanctions (Doc. 79) filed on July 14, 2014. Defendant County Agricultural Fair and Exposition, Inc.'s filed a response in opposition on July 18, 2014. (Doc. 82; Doc. 84). Defendants Collier County Sheriff Kevin Rambosk and Gaines Myers filed a response in opposition on July 18, 2014. (Doc. 83). On July 21, 2014, the Court heard relevant and brief oral arguments from the Parties at the Final Pretrial Conference. This matter is now ripe for review.

    The Defendants' thirteenth exhibit is at issue in this matter. (See Doc. 75-4; 75-6). This exhibit is Plaintiff Mahmoud's Hodges University work records. This exhibit is 262 pages and

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

was not provided to Plaintiff Mahmoud until the eve of July 7, 2014. Plaintiff Mahmoud now moves to exclude this exhibit and impose sanctions. The defendants oppose the motion.

Upon consideration, the Court will not exclude the exhibit or impose sanctions. All Parties agree that the Hodges University work records will not be admitted into evidence to support Defendant's defenses. Instead, the exhibit is listed to provide impeachment evidence, if necessary. See Fed. R. Evid. 26(a)(1)(A). Moreover, Plaintiff Mahmoud was on notice as early of January 2014, prior to the conclusion of discovery, that Defendant Collier County Agriculture Fair and Exposition, Inc. intended to subpoena the Hodges University work records. Thereafter, Plaintiff Mahmoud was provided with the documents, albeit on July 7, 2014, and will have plenty of time to review the materials prior to the commencement of the trial.

The Court is not making any finding as to the relevancy of these materials. At trial, Plaintiff is permitted to object to the admissibility of the exhibit pursuant to the Federal Rules of Evidence, if necessary. Here, exclusion and sanctions are not warranted.

Accordingly, it is now

**ORDERED:**

Plaintiff Mahmoud's Expedited Motion to Strike or Exclude Any Document Not Disclosed during Discovery Period and Request for Sanctions (Doc. 79) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of July, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record