UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HAYTHAM MAHMOUD,

    Plaintiff,

v.                                          Case No: 2:13-cv-63-FtM-38DNF

COLLIER COUNTY SHERIFF KEVIN
RAMBOSK, COLLIER COUNTY
AGRICULTURAL FAIR AND
EXPOSITION, INC. and GAINES
MYERS,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendant Myers' Motion in Limine (Doc. 73) filed on June 26, 2014. Plaintiff Mahmoud filed a response in opposition on July 14, 2014. (Doc. 80). On July 21, 2014, the Court also heard relevant and brief oral arguments from the Parties at the Final Pretrial Conference. This matter is now ripe for review.

### **Standard**

A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. Stewart v. Hooters of America, Inc., No. 8:04-cv-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007)

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

(citation omitted). The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. Stewart, 2007 WL 1752873 at *1. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Id. (citing Luce v. United States, 469 U.S. 38, 41 (1984) (holding federal district courts have authority to make in limine rulings pursuant to their authority to manage trials)).

Moreover, motions in limine are disfavored; admissibility questions should be ruled upon as they arise at trial. Id. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. Id. Denial of a motion in limine does not insure evidence contemplated by the motion will be admitted at trial. Id. Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. Id. (citation omitted). The Court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. Stewart, 2007 WL 1752873 at *1. "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." Id. (citation omitted).

## Discussion

There are four remaining Section 1983 claims against Defendant Myers. These claims are: Fourth Amendment Violation for wrongful arrest (Count I); Fourth Amendment Violation for excessive force (Count II); Fourth Amendment Violation for malicious prosecution (Count III); and First Amendment Violation for retaliation (Count IV).

Defendant Myers seeks to preclude evidence related to his prior and subsequent bad acts and his violations of internal Sheriff's policies.

    *i.*    *Prior and Subsequent Alleged Bad Acts*

Defendant Myers argues Plaintiff Mahmoud should not be permitted to question any witness, including Myers, regarding any prior or subsequent allegations of wrongdoing as to Myers. In addition, Myers argues Mahmoud should not be permitted to introduce any evidence of alleged wrongful or inappropriate behavior by Myers in other instances which may be relevant to a custom or policy claim. Myers argues such information would be irrelevant to the remaining claims before the Court and such information would prejudice Myers. Myers asserts such evidence would violate Rule 402 and Rule 403 of the Federal Rules of Evidence. In response, Mahmoud asserts the request is too broad and premature.

Upon consideration, the Court finds Myers' request is too broad and premature. Myers has not presented any evidence to the Court that is clearly inadmissible. That is, the Court has not been provided with any specific irrelevant or unduly prejudicial evidence that deserves exclusion. Moreover, Defendant Myers conceded that this request was too broad and premature at the Final Pretrial Conference. Upon review, the motion is due to be denied. See Griffin v. City of Opa-Locka, 261 F.3d 1295, 1301 (11th Cir. 2001) (discussing pursuant to Rule 404(b), prior bad acts could be used at trial to demonstrate a defendant's plan, motive, opportunity, intent, pattern, etc.); cf Luka v. City of Orlando, 382 Fed.Appx. 840, 842 (11th Cir. 2010) (a defendant's pattern of excessive force cannot be used to establish an excessive force propensity); see generally Wells v. Cramer, No. 8:04-cv-315-T-24EAJ, 2009 WL 678102, at *7 (M.D. Fla. Mar. 12, 2009).

### ii.   *Violations of Internal Policies*

Defendant Myers anticipates Plaintiff Mahmoud will submit evidence, comments, or arguments to the jury that certain policies or procedures of the Collier County Sheriff's Office were not followed by Myers during or following his contact with Mahmoud. Relying on Buzzi v. Gomez, 24 F. Supp. 2d 1352 (S.D. Fla. 1998), Myers argues a violation of an internal policy, even if true, does not equate to a constitutional violation. Myers argues any evidence, comments, or arguments regarding the violation of internal policies would be irrelevant, would likely confuse the jury, and any probative value would be substantially outweighed by the danger of unfair prejudice to Myers. In response, Mahmoud asserts the Court should reserve its ruling on this motion until trial.

Upon consideration, the Court finds any evidence, comments, or arguments that certain policies or procedures of the Collier County Sheriff's Office were not followed by Myers should not be excluded *per se*. Even though a violation of a department policy *alone* may not be sufficient to find a constitutional violation, this evidence is relevant, would not confuse the jury, and would not unfairly prejudice Myers. Id. (citing Edwards v. Gilbert, 867 F.2d 1271, 1276-77 (11th Cir. 1989); Davis v. Scherer, 468 U.S. 183, 193-95 (1984)); see also Townsend v. Benya, 287 F. Supp. 2d 868, 876 (N.D. Ill. 2003) (finding a defendant's knowledge of violating a policy was relevant to a Section 1983 claim and therefore was not precluded at trial). The Court has not been provided with enough evidence, for example what policies or procedures are specifically at issue, to find any other result. A violation of an internal policy coupled with other facts could substantiate a Section 1983 violation. The motion is due to be denied.

Accordingly, it is now

**ORDERED:**

Defendant Myers' Motion in Limine ([Doc. 73](#)) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of July, 2014.

                                                  */s/ Sheri Polster Chappell*
                                                  SHERI POLSTER CHAPPELL
                                                  UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record